UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN KRUSEE, an individual,<br><br>                Plaintiffs,<br><br>    vs.<br><br>BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT INC. ALTERNATIVE LOAN TRUST 2006-29T1, AND BISHOP, WHITE, MARSHALL & WEIBEL<br><br>                Defendants. | Case No. C13-824 RSM<br><br>ORDER ON MOTION TO DISMISS |

INTRODUCTION AND JURISDICTION

Plaintiff Susan Krusee ("Plaintiff") filed the present action against defendants Bank of America and Bank of New York Mellon (collectively "Defendants") in the Superior Court of Washington for Snohomish County, and Defendants subsequently removed the action to this Court.  Dkt. #1.  The third named defendant, Bishop, White, Marshall & Weibel ("BWMW"), did not consent to removal at the time Defendants filed their motion, *id.*, but since Plaintiff did not file her Motion to Remand (Dkt. # 13) within thirty-days of the Notice of Removal as required by statute she has waived all claims to remand except those based on lack of subject matter jurisdiction, *see* 28 U.S.C. § 1447(c).  Additionally, Plaintiff, in her original complaint,

ORDER - 1

fails to assert any causes of action against BWMW. Dkt. #1, Ex. A. While Defendants claim that BWMW is a nominal defendant that is not considered for diversity jurisdiction purposes, Dkt. #1, 3 n.1, the Court cannot conclude that from what is present in the complaint. Instead, the Court is forced to conclude, based on the complaint, that BWMW was fraudulently joined in order to defeat diversity jurisdiction. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Therefore, defendant BWMW is dismissed from this action, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

This matter is now before the Court for consideration of Defendants' Rule 12(b)(6) motion to dismiss plaintiff's complaint for failure to state a claim. Dkt. #8. Defendants have properly filed this motion before filing an answer to the claims. FED.R.CIV.P. 12(b)(6). Plaintiff has opposed the motion. Dkt. #12. After careful consideration of plaintiff's claims, the parties' memoranda, and the remainder of the record, the Court has determined that the motion shall be granted in part and denied in part.

## FACTUAL BACKGROUND

In August 2006, Plaintiff obtained a loan from Countrywide Home Loans, Inc. for the purpose of purchasing property in Snohomish, WA. Dkt. #1, Ex. A, ¶ 6; Dkt. #8, 3. A deed of trust secured the loan and listed LS Title of Washington as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Dkt. #1, Ex. A, ¶¶ 6-8. Subsequently, Countrywide Home Loans, Inc. transferred the servicing of the loan to Bank of America, and on April 10, 2012, MERS transferred the beneficial interest in the deed of trust to the Bank of New York Mellon. *Id.* at ¶¶ 7-10; Dkt. #8, 3-4.

Plaintiff alleges that in August 2012, Bank of America issued a notice of default, which prompted Plaintiff to request mediation pursuant to the Washington Deed of Trust Act. Dkt. #1, Ex. A, ¶15. According to Plaintiff, Bank of America's failure to timely provide documents

ORDER - 2

and to communicate effectively with its agents, as well as its alleged intentional over-valuation of the property, frustrated the mediation attempts, and evidenced bad faith on the part of Bank of America. *Id.* at ¶¶17-22, 30-36. Plaintiff further alleges that this is a widespread problem affecting Bank of America's ability to mediate with others similarly situated. *Id.* at ¶ 34.

As a result, Plaintiff claims that Defendants breached Washington's Deed of Trust Act through wrongful initiation of foreclosure and failure to mediate in good faith, breached their contract with Plaintiff, and violated Washington's Consumer Protection Act, entitling Plaintiff to damages and an injunction. *Id.* at ¶¶ 24-32.

## DISCUSSION

**I. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to provide a short and plain statement showing entitlement to relief such that the opposing party has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims failing to meet this standard must be dismissed. FED. R. CIV .P. 12(b)(6).

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts all facts alleged in the Complaint as true, even if doubtful in fact, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth" and are not considered by this Court on a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

The ultimate inquiry is whether the non-moving party has alleged sufficient facts to state a claim for relief that is "plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the pleadings contain "factual content that allows the court to draw the reasonable inference that the [moving party] is liable for the misconduct

ORDER - 3

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This is more stringent than a "probability requirement," and a complaint that only "pleads facts that are merely consistent with a defendant's liability" will not survive a 12(b)(6) motion. *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks removed).

**II. Analysis**

Defendants argue dismissal of Plaintiff's claims is appropriate because Plaintiff has not alleged the occurrence of foreclosure on her property, an element necessary for a claim for breach of the Washington Deed of Trust Act, Washington does not recognize a private cause of action for failure to mediate in good faith, Plaintiff has not plead sufficient facts to allege a breach of contract or violation of the Washington Consumer Protection Act, and that Washington law does not entitle Plaintiff to injunctive relief in these circumstances. Dkt. #8.

*A. Breach of the Deed of Trust Act (First Cause of Action)*

Plaintiff's first cause of action is a claim that she has been harmed by a wrongful commencement of foreclosure in violation of Washington's Deed of Trust Act. Dkt. #1, Ex. A, ¶¶ 24-28. Washington law clearly holds that there is no cause of action for wrongful commencement of foreclosure, and that a borrower has no cause of action until the trustee sale has occurred. *Grant v. First Horizon Home Loans*, No. 66721-1-I, 2012 WL 1920931, at *6 (Wash. Ct. App. May 29, 2012); *Krienke v. Chase Home Fin., LLC*, No. 35098-0-II, 2007 WL 2713737, at *5 (Wash. Ct. App. Sept. 18, 2007) ("[T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale.") (emphasis in original); *see also Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d. 1115, 1122-1124 (W.D. Wash. 2010). Plaintiff has not alleged that any trustee sale has occurred, and as a result, she fails to state a cause of action.

In response, Plaintiff contends that the Washington Supreme Court has implicitly overruled *Vawter*'s interpretation of state law in *Bain v. Mortgage Electronic Registration Systems, Inc.*, 285 P.3d 34 (2012). Dkt. #12, 2. Although Plaintiff does not allege it, the inferences that are necessary to reach her desired outcome is that the Washington Supreme

ORDER - 4

Court, in disapproving part of *Vawter*'s analysis that was unnecessary for the above proposition, *Bain*, 285 P.3d at 47, necessarily disapproved of and implicitly overruled the rest of *Vawter*, overruled the pre- and post-*Vawter* cases, both at the state and federal level, that reached the same conclusion, and implicitly created a new private cause of action. This requires too much of the *Bain* decision, which focused on what constituted a violation of the Deed of Trust Act, not when that violation could be plead. *See id.* at 47 (concluding that MERS is not an eligible beneficiary under the Deed of Trust Act, but cannot yet decide what the legal effect is). Instead, this Court is persuaded that the relevant portion of "*Yawter*'s [sic] logic is as applicable today as it was when decided" and that "[t]he Washington Deed of Trust Act provides no statutory cause of action" in this case. *See Trehuba v. Am. Home Mortg. Servicing, Inc.*, No. 12-cv-5752-RBL, 2013 WL 1225381, at *1 (W.D. Wash. 2012). Therefore, the motion to dismiss is granted without prejudice as to this claim.

*B. Failure to Mediate in Good Faith (Second Cause of Action)*

Plaintiff's second cause of action is based on the alleged failure of Bank of America to participate in mediation in good faith, as required by the Deed of Trust Act. Dkt. #1, Ex. A, ¶¶ 29-36. Defendants claim that there cannot be a claim based on a failure to mediate in good faith absent the mediator's certification that the parties failed to mediate in good faith, which Plaintiff has not alleged, and, even if the mediator had so certified, the only remedy for such a failure would be injunctive relief, not damages as Plaintiff claims. Dkt. #8, 9-10.

As a preliminary matter, the Deed of Trust Act clearly imposes upon the parties "a duty to mediate in good faith." WASH. REV. CODE § 61.24.163(7)(a)(iii). It also requires that, following the mediation, the mediator certify in writing "[w]hether the parties participated in the mediation in good faith." *Id.* at § 61.24.163(12)(d). Further, the statute contemplates that "[t]he mediator's certification that the beneficiary failed to act in good faith in mediation constitutes a defense to the nonjudicial foreclosure action that was the basis for initiating the mediation." *Id.* at § 61.24.163(14)(3).

However, nothing in the statute suggests that the mediator's certification is conclusive

ORDER - 5

as to whether or not the parties mediated in good faith. In fact, the opposite is suggested, and it would seem that the mediator's certification only creates a rebuttable presumption. Specifically, § 61.24.163(14)(3) goes on to state: "[i]n any action to enjoin the foreclosure, the beneficiary is entitled to rebut the allegation that it failed to act in good faith." This provision contemplates that the beneficiary can rebut the certification of bad faith made by the mediator, implying that the certification is therefore not conclusive. Nothing indicates that the situation is any different if the mediator certifies that the parties acted in good faith. Moreover, the provision uses the phrase "allegation" rather than "certification," the term used in the previous provision, implying a broader coverage, i.e., that allegations concerning bad faith can be made even when the mediator has not so certified. *See id.* Therefore, the Defendants' first contention, that the mediator's certification is required to claim bad faith, has no basis.

Defendants' are correct that the statute only explicitly provides for injunctive relief if the beneficiary fails to mediate in good faith. *Id.* On the other hand, the statute does not explicitly limit the remedies for a violation of the duty to mediate in good faith to injunctive relief either. Whether an action for damages will lie for breaching the Deed of Trust Act's requirement to mediate in good faith is an issue the Washington courts have not appeared to address. However, in other contexts where a statute requires that a party act in good faith, Washington courts have allowed actions for damages to proceed based on alleged violations of the duty. For example, in *Woo v. Fireman's Fund Ins. Co.*, a Washington court awarded "necessary litigation expenses" that arose because of an insurer's breach of the duty of good faith imposed by WASH. REV. CODE § 48.01.030, which does not explicitly allow an aggrieved party to collect damages. 208 P.3d 557, 563-64. This claim is analogous to Plaintiff's claim that she incurred additional expenses in mediation as a result of Defendants failure to mediate in good faith as required by statute. Therefore, at this time, Defendants have not made a persuasive argument that Plaintiff has failed to allege a damages claim cognizable under Washington law for a failure to mediate in good faith.

Of course, there is still the question of whether Plaintiff has pleaded facts sufficient to

ORDER - 6

survive the Defendants' motion to dismiss.  The Deed of Trust Act states that the duty to mediate in good faith can be violated by "[f]ailure to timely participate in mediation without good cause" and "[f]ailure of the borrower or the beneficiary to provide the documentation required before mediation."  WASH. REV. CODE § 61.24.163(10).  In her complaint, Plaintiff alleges that mediation had to be delayed twice, resulting in almost four months of delay, because of Bank of America's cancellations.  Dkt. #1, Ex. A, ¶¶ 17-22.  Plaintiff also alleges that Bank of America was unprepared for the mediation when it took place, but does not specify how.  *Id.*  Although there is much to be desired in Plaintiff's factual allegations, the Court finds that, when read in the light most favorable to Plaintiff, the facts alleged make it possible "to draw the reasonable inference that" Bank of America's conduct resulted in a "[f]ailure to timely participate in mediation without good cause."  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  Therefore, the Defendants' motion to dismiss is denied as to the second cause of action.

*C. Breach of Contract (Third Cause of Action)*

Plaintiff's third cause of action is a claim that Bank of America breached the loan agreement by charging fees and costs "that are not reasonable and permitted" and by applying inaccurate interest calculations.  Dkt. #1, Ex. A, ¶¶ 37-40.  Plaintiff also identifies three specific fees in her claim, but does not assert what provisions of the contract the fees violated, how they are unreasonable or not permitted according to the terms of the contract, or how they differed from a reasonable fee.  *See id.*  In short, Plaintiff's complaint fails to provide Defendants with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Instead, Plaintiff only provides "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which "are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 678-79 (citing *Twonbly*, 550 U.S. at 555).  Therefore, this claim is dismissed without prejudice.

*D. Consumer Protection Act (Fourth Cause of Action)*

Plaintiff's fourth claim is that the Defendants have engaged in an unfair and deceptive

practice that is contrary to the public interest and therefore violates the Washington Consumer Protection Act ("CPA").  Dkt. #1, Ex. A, ¶¶ 31-34.  A CPA claim requires that the Plaintiff show "(1) [an] unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (1986).  Defendants claim that Plaintiff has failed to allege any unfair or deceptive act or practice and has also failed to demonstrate injury in fact.  Dkt. #8, 12-17.

Based on the Washington Supreme Court's decision in *Bain*, it is generally accepted as true for purposes of a motion to dismiss that alleging MERS was listed as the beneficiary is sufficient to "creat[e] a presumption that" an unfair or deceptive act has occurred.  *E.g.*, *Massey v. BAC Home Loans Servicing LP*, No. C12-1314JLR, 2012 WL 5295146, at *5 (W.D. Wash. Oct. 26, 2012).  Therefore, Plaintiff has satisfied this element of the claim for purposes of summary judgment.

The Defendants' second contention has more merit, in that, while Plaintiff has hinted at several injuries in her complaint, she fails to allege any injury to her "business or property" and fails to provide any factual allegations that could provide the necessary causal link between such an injury and the act in question.  *See id.*  Plaintiff's complaint is similar to that in *Bisson v. Bank of America, N.A.*, in that the cause of action is "predicated solely on flaws in deeds of trust" and whether Defendants can pursue non-judicial foreclosure.  No. C12-0995JLR, 2013 WL 325262, at *3 (W.D. Wash. Jan. 15, 2013).  "As such, the only injury that could be traced to [Defendants' alleged] conduct is injury resulting from wrongful non-judicial foreclosure," but Plaintiff has not alleged that she is "currently subject to foreclosure proceedings."  *See id.*  Therefore, this claim is dismissed without prejudice.

*E. Injunction (Fifth Cause of Action)*

Plaintiff's final claim is to request an injunction.  Dkt. #1, Ex. A, ¶¶ 31-32.  Since an injunction is not a cause of action, but rather a remedy, the Court will assume that Plaintiff meant to request an injunction in addition to her claims for damages under the other alleged

ORDER - 8

causes of action.  To the extent Plaintiff meant to request a preliminary injunction or a temporary restraining order, she should make a proper motion requesting such relief.  *See* FED. R. CIV. P. 65.  Since Plaintiff's only surviving claim is the alleged violation of the duty to mediate in good faith, her request for injunctive relief is dismissed with respect to all other causes of action.

CONCLUSION

Defendants' motion to dismiss for failure to state a claim (Dkt. #8) is GRANTED as to Plaintiffs's claims for breach of the Washington Deed of Trust Act (First Cause of Action), breach of contract (Third Cause of Action), and breach of the CPA (Fourth Cause of Action), and these claims are DISMISSED with leave to amend.  The motion is DENIED as to Plaintiff's claim for breach of the duty to mediate in good faith (Second Cause of Action).  In light of the foregoing, Plaintiff's currently pending Motion to Amend (Dkt. # 15) is no longer applicable, and is therefore DENIED.  For the reasons stated above, Plaintiff also fails to allege any claims against any non-diverse defendants and so her Motion to Remand (Dkt. # 13) is DENIED.  Since there are no claims against defendant BWMW, and there is no basis to believe they are a necessary, albeit nominal party, defendant BWMW is hereby DISMISSED.

Dated this 30 day of July 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9