UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN KRUSEE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>BANK OF AMERICA, N.A., THE BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT INC. ALTERNATIVE LOAN TRUST 2006-29T1, AND BISHOP, WHITE, MARSHALL & WEIBEL<br><br>　　　　　Defendants. | Case No. C13-824 RSM<br><br>ORDER DEFERING MOTION FOR RECONSIDERATION AND STAYING CASE |

　　　This matter comes before the Court on Plaintiff's Motion for Reconsideration (Dkt. # 24). Plaintiff requests that the Court reconsider dismissal of her first cause of action for breach of the Washington Deed of Trust Act ("DTA"). *See* Dkt. # 22. Previously, the Court dismissed that cause of action for failure to state a claim on the basis that a borrower has no cause of action for the initiation of wrongful foreclosure under the DTA until a trustee's sale of the property has occurred. *Id.* at p. 4. Plaintiff now brings to the Court's attention new authority issued by Division I of the Washington State Court of Appeals. In *Walker v. Quality Loan Serv. Corp.*, 308 P.3d 716 (Wash. Ct. App. Aug 5, 2013), the court held that

ORDER - 1

> a borrower has an actionable claim against a trustee who, by acting without lawful authority or in material violation of the DTA, injures the borrower, even if no foreclosure sale occurred. Additionally, where a beneficiary, lawful or otherwise, so controls the trustee so as to make the trustee a mere agent of the beneficiary, then, as principal, it may have vicarious liability.

*Id.* at 724. Because *Walker* rejected the position taken by this Court in foreclosure actions, Plaintiff seeks reinstatement of her dismissed DTA claim. Although *Walker* is not controlling authority as federal courts sitting in diversity are bound only by the state's highest court (*In re Kirkland*, 915 F.3d 1236, 1238-39 (9th Cir. 1990)), this Court has since certified two questions to the Washington Supreme Court for its consideration. The Court posed whether (1) "[u]nder Washington law, may a plaintiff state a claim for damages relating to a breach of duties under the Washington Deed of Trust Act and/or failure to adhere to the statutory requirements of the Deed of Trust Act in the absence of a completed trustee's sale of real property," and (2) "[i]f a plaintiff may state a claim for damages prior to a trustee sale of real property, what principles govern his or her claim under the Consumer Protection Act and the Deed of Trust Act?" Order Certifying Questions to the Washington Supreme Court (Dkt. # 48), *Frias v. Asset Foreclosures Serv. Inc.*, Case No. C13-760-MJP (W.D. Wash. Sept. 25, 2013).

In light of the Order Certifying Questions to the Washington Supreme Court, the Court finds it appropriate to defer ruling on Plaintiff's motion for reconsideration and stay this action until after the Washington Supreme Court has provided additional guidance. Accordingly, the case is hereby STAYED pending resolution of the certified questions.

Dated this 13th day of November 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2